# EXHIBIT 8

STATE OF FLORIDA

# Office of the Governor

THE CAPITOL
TALLAHASSEE, FLORIDA 32399-0001

RICK SCOTT
GOVERNOR

www.flgov.com
850-488-7146
850-487-0801 fax

October 17, 2011

BY EMAIL

Mr. James K. Green, Esq.
James K. Green, P.A.
222 Lakeview Ave
West Palm Beach, FL 33401
jameskgreen@bellsouth.net

Re:  *AFSCME v. Scott*, No. 11-21976 (S.D. Fla.)

Dear Mr. Green:

    I write to follow-up on Randall Marshall's email of October 13, 2011, and on our telephonic conference of October 14, 2011. In the email and on the call, the ACLU of Florida ("ACLU") expressed objections to the Rule 45 subpoenas Defendant has served upon it. The ACLU asserts (i) that *all* of the documents and information sought are irrelevant; (ii) that most if not all of the documents and information sought are privileged under the attorney-client privilege, as attorney work product, or under a "limited First Amendment privilege"; and (iii) that responding to the subpoenas would require burden and expense in excess of that permitted under the Federal Rules. During the call, counsel for Defendant repeatedly attempted to determine the limits of the ACLU's privilege claims, but you refused to engage in any such discussions, stating that all responsive material was privileged and that the ACLU would consider a narrowed request if it was received by Monday, October 17, 2011. You also appeared to take the position that the only material Defendant could properly seek was that which is currently available on the ACLU of Florida's website. While the ACLU's refusal to engage in a substantive discussion about the scope of its objections makes it difficult to confer further about this matter, Defendant, in an effort to avoid litigation and to engage in the good-faith conference required by the Federal and Local Rules, nonetheless offers the following statement of its position.

    First, the relevance of the documents and information requested in the subpoenas is beyond question. Plaintiff in this case argues that drug testing state employees violates the Fourth Amendment. In support of its claim, Plaintiff cites *Skinner v. Railway Labor Executives' Association*, 489 U.S. 602 (1989). *See* Doc. 1 at ¶¶ 10-11. In that very case, the Supreme Court explained that the Fourth Amendment only protects "an expectation of privacy that society is

Mr. James K. Green, Esq.
October 17, 2011
Page 2 of 3

prepare to recognize as reasonable." *Skinner*, 489 U.S. at 616. In later cases, the Court has further explained that the Fourth Amendment protects only those privacy interests "that society recognizes as 'legitimate,'" and that in the workplace context "the relevant question is whether [the] intrusion upon privacy is one that a reasonable employer might engage in." *Vernonia School District 47J v. Acton*, 515 U.S. 646, 654, 665 (1995). Indeed, in its latest case regarding Fourth Amendment claims arising in the government-employer context, the Court has examined (1) whether the asserted expectation of privacy is reasonable given the "operational realities of the workplace," and (2) whether the objected-to "searches [are] of the sort that are regarded as reasonable and normal in the private-employer context." *City of Ontario v. Quon*, 130 S. Ct. 2619, 2628 (2010). Therefore, information about the prevalence of—and attitudes toward—drug testing in the employment environment (both private and public) is quite relevant to the Plaintiff's claim in this case.

The ACLU publicly holds itself out as a repository of information about this very subject. *See, e.g.* ACLU of Florida, Drug Testing, Resources, *available at* http://www.aclufl.org/issues/privacy/drug_testing.cfm#resources. *See also*, ACLU of Florida, Information Paper, Drug Testing, *available at* http://www.aclufl.org/take_action/ download_resources/info_papers/5.cfm ("Today, millions of American workers every year, in both the public and private sectors, are subjected to urinalysis drug tests as a condition for getting or keeping a job."). Indeed, the national arm of the ACLU—of which ACLU of Florida is "the local affiliate" (*see* http://www.aclufl.org/about/ index.cfm)—offers a "toll-free information line ... for human resource managers ... for ... information on drug testing and alternatives." ACLU, Drug Testing: A Bad Investment (Sept. 1999). Accordingly, the ACLU appears to be in possession of documents and information that are directly relevant to this lawsuit.

Second, as to the ACLU's sweeping claims of privilege—again, your position on the call was that most if not all responsive material is privileged—they are simply untenable. Attorney-client communications are privileged only if they are not disclosed to third parties. *See, e.g., United States v. Suarez*, 820 F.2d 1158, 1160 (11th Cir.1987) ("where there has been a disclosure of a privileged communication, there is no justification for retaining the privilege"). Attorney work product is privileged only if the documents in question were "prepared in anticipation of litigation ... by or for a party, or for his representatives." *Bridgewater v. Carnival Corp.*, 2011 WL 4383312, at *2 (S.D.Fla. Sept. 20, 2011). The "limited First Amendment privilege" is just that—limited—and usually applies to membership lists and information, *see NAACP v. Alabama*, 357 U.S. 449 (1958), which Defendant is not seeking. Where the First Amendment privilege applies beyond membership lists, courts have found that it protects, at most, only certain communications exchanged among a core group of key players within the organization. *See Perry v. Schwarzenegger*, 591 F.3d 1147, 1165 n. 11 (9th Cir. 2010) (First Amendment privilege "is limited to *private, internal* campaign communications concerning the *formulation of*

Mr. James K. Green, Esq.
October 17, 2011
Page 3 of 3

*campaign strategy and messages*," and "to communications among the core group of *persons* engaged in the formulation of campaign strategy and messages"). It is simply implausible that all documents responsive to Defendant's requests fall within these limited privileges. Indeed, as narrowed below, it is doubtful that any responsive information will fall within one of these privileges.

Third, as to burden and expense, we have repeatedly stated that we are willing to work with the ACLU to refine our requests so as to reduce the burden and expense of responding. As noted above, however, to date the ACLU has only offered its sweeping objections and has not been willing to have a detailed discussion that might lead to a mutually agreeable solution. Nonetheless, we are willing to narrow our document requests as follows:

- "All documents constituting or containing studies, statistics, policy briefs, policy proposals, polls, polling data, legislative briefs, legislative proposals, position papers, white papers, press releases, public statements, research papers, website posts, or blog posts relating to drug-testing by private-sector or public-sector employers in Florida or nationally."
- "All documents constituting or containing studies, tabulations, or counts of the number, amount, and/or percentage of public or private employers that drug test their employees, regardless of whether such drug testing occurs prior to or during employment."

The requests are limited to documents created during or after 1995. These requests should be read as seeking only documents or information that have been publicly disseminated, whether by the ACLU or a third party.

As for the deposition, as I explained during our telephone conference, we anticipate a potential need to ask follow-up questions about, and to authenticate, the documents produced. If the ACLU and Plaintiff will stipulate to authenticity, and work cooperatively to resolve any other issues and questions that the documents might give rise to, it is likely that no deposition will be necessary. In any event, assuming the ACLU timely produces documents, we are flexible and can hold the deposition, if necessary, any weekday during the first two weeks of November.

Sincerely,

Jesse Panuccio

Cc: Randall C. Marshall, Esq. (RMarshall@aclufl.org)
Peter G. Walsh, Esq. (pwalsh@stabinski-funt.com)