# EXHIBIT 9

# JAMES K. GREEN, P.A.
## LAWYERS

SUITE 1650, ESPERANTE'
222 LAKEVIEW AVENUE
WEST PALM BEACH, FLORIDA 33401
561.659.2029
FACSIMILE 561.655.1357

JAMES K. GREEN

October 19, 2011

*Transmitted by U.S. mail and facsimile, 850.922.0309, to:*

Jesse Panuccio
Deputy General Counsel
Executive Office of the Governor
The Capitol, Room 209
400 South Monroe St.
Tallahassee, FL  32399-6536

**Re:  *AFSCME v. Scott*, No. 1:11-21976 (S.D. Fla.)**

Dear Mr. Panuccio,

      I am writing in response to your October 17 letter regarding my objections to the Governor's subpoenas to my clients, the ACLU of Florida, Inc. and the ACLU Foundation of Florida, Inc. (collectively "ACLU-FL"). As I explained during our meet-and-confer call on October 14, ACLU-FL contends that the subpoenas directed to it are harassing, seek irrelevant information, seek to conscript ACLU-FL's services as an unretained expert, are unduly burdensome, and encompass a great deal of information that is privileged. I expected a proposal narrowing the scope of the subpoenas from you by noon on October 17. Because I did not hear anything from you at that time, and the motion had to be filed before the clerk's office closed at 4:30, I had the motion to quash the subpoenas filed late in the afternoon. DE 21.

I subsequently received your letter responding to ACLU-FL's objections a little after 4:30 that day. Thank you for your letter narrowing the scope of the subpoenas. To the extent that your letter elaborates on the Governor's responses to ACLU-FL's objections, those responses are largely addressed in the motion to quash, which is incorporated here by reference. To the extent that your letter narrows the scope of the subpoenas, I write to discuss the continuing validity of the motion to quash in light of the narrowed requests.

      My understanding is that the deposition subpoena remains unchanged (although you contend it will focus on document authentication). The document subpoena is now limited to documents produced after 1995, documents publicly disseminated by ACLU-FL or a third party, has eliminated the specific request for documents pertaining to public approval of employer drug testing (although it still seeks polls and polling data regarding employer drug testing), and has changed some of the categories of documents sought (omitting emails, electronic documents, letters, and correspondence but adding public statements, research papers, website posts, and blog posts – although the "definitions" section of the subpoena is broadly worded enough to continue to encompass all of these categories).

As detailed in ACLU-FL's motion to quash, the subpoenas are unduly burdensome. They seek irrelevant information, are overbroad, and impose too great of a burden on a nonparty to the litigation. DE 21 at 5-10. Although you contend that "information about the prevalence of—and attitudes toward—drug testing in the employment environment (both private and public) is quite relevant to the Plaintiff's claim," the case law does not support your position. While the Supreme Court noted in *Skinner v. Ry. Labor Executives Ass'n* that obtaining and examining physical evidence may be a search "if doing so infringes an expectation of privacy that society is prepared to recognize as reasonable," 489 U.S. 602, 615 (1989), the Court next explained that under this standard, urinalysis is a search: "Because *it is clear that the collection and testing of urine intrudes upon expectations of privacy that society has long recognized as reasonable*, the Federal Courts of Appeals have concluded unanimously, and we agree, that these intrusions must be deemed searches under the Fourth Amendment." *Id.* at 617 (emphasis added). Further, courts have repeatedly held that "determination of reasonableness under the Fourth Amendment is a question of law," not a question of fact. *Bolden v. Southeastern Pa. Transp. Auth.*, 953 F.2d 807, 822 & n. 23 (3d Cir. 1991) (*en banc*) ("The reasonableness of a search or seizure must be determined based on constitutional law, not a factual, reasonable-person determination."); *United States v. Bowles*, 625 F.2d 526, 533 n.7 (5th Cir. 1980). Even if studies showed that suspicionless drug testing by private and public employers were ubiquitous and that the public overwhelmingly approved of such drug testing, this would not change the legal determination that individuals have a reasonable expectation of privacy in the contents of their urine and that it is a matter of law for the Court to decide whether the Governor's proposed suspicionless searches are reasonable. None of the cases you cite suggest otherwise.

Moreover, while you suggest a time limit encompassing documents in ACLU-FL's possession over the last 16 years, eliminate emails and electronic documents from the documents sought (although, again, the definitional section still encompasses these items), and seek documents that have been publicly disseminated by ACLU-FL or a third party, this request is still far too burdensome given ACLU-FL's status as a nonparty to this case. *See, e.g., Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 49 (S.D.N.Y. 1996) (explaining that whether a subpoena imposes an undue burden depends on such factors as "relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed [as well as] **the status of a witness as a nonparty to the underlying litigation**")(emphasis added); *United Techs. Corp. v. Mazer*, No. 06-80980, 2007 WL 788877, at *1 (S.D. Fla. Mar. 14, 2007) (same).

As you note, ACLU-FL already has publicly available documents on its website related to drug testing which you are free to access. As to other publicly disseminated documents and information, ACLU-FL has no archive of which of its documents have been publicly disseminated since 1995 and certainly should not have to undertake the task of contacting all of the third parties it has shared information with to find out whether those individuals or organizations have disseminated documents they have received from ACLU-FL. As explained in the motion, even assuming the subpoenas covered only public disseminated hard copy documents in ACLU-FL's possession over the last 16 years, they would still require the organization to look through all documents from that time frame in its Miami office, its three regional offices, and its eighteen volunteer chapters, as well as in hundreds of storage boxes located off-site. DE 21 at 8-10. Such an undertaking would still impose significant costs and require a great deal of staff time and disruption of ACLU-FL's operations. *See* Declaration of Randall Marshall, DE 21 at 21-25, ¶¶ 13-29. This request is flatly unreasonable given the irrelevance of the documents sought, the fact that you are perfectly capable

of performing your own research to find studies, statistics, and polls on the prevalence of employer drug testing, and the fact that ACLU-FL is not a party here.

Second, to the extent that you seek documents and testimony from ACLU-FL because, as you contend, it "publicly holds itself out as a repository of information about [the prevalence of the employer drug testing]," you are treating ACLU-FL as an unretained expert. As such, you have made no showing of substantial need for ACLU-FL's information or assurances that you will provide ACLU-FL with reasonable compensation for its services. DE 21 at 11-13. Further, your letter refers to documents in possession of the national ACLU as if they are in possession of ACLU-FL. Please be advised that, even though ACLU-FL is an affiliate of the national organization, it does not have its possession most of the documents referenced on the national ACLU's website. To access that information, you would need to separately subpoena the national ACLU, which is an independently incorporated entity.

Finally, as to deposing ACLU-FL, which is counsel for Plaintiff in this case, such depositions are highly disfavored. In order to justify a deposition of opposing counsel, you would have to make a showing that the information you seek—namely, ACLU-FL's knowledge and position on the prevalence of drug testing, public approval of drug testing, the effects of drug use in the workplace, and the authenticity of ACLU-FL's documents—is otherwise unobtainable, relevant, and crucial to your case. DE 21 at 13-14. You have made no such showing here. Consequently, ACLU-FL is going forward with its motion to quash.

However, in order to avoid the need for further litigation over the subpoenas, ACLU-FL is willing to generate an estimate of the cost of searching its computer archives for documents relating to employer drug testing and reviewing the results for privileged information. If the Governor will agree to pay the costs for such a search and review of documents, ACLU-FL will agree to conduct the search and provide responsive non-privileged documents to the Governor. Additionally, if the Governor identifies any documents that it believes the ACLU-FL has posted or disseminated to the public on drug testing issues, and is unable to independently locate a copy, the ACLU-FL would be willing to make a good faith effort to locate and provide such a document if it is in the immediate possession of our state or regional offices.

Sincerely,

James K. Green