EXHIBIT 10

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 11-21976-CV-Ungaro

AFSCME COUNCIL 79,

    Plaintiff,

v.

RICK SCOTT, IN HIS OFFICIAL CAPACITY
OF GOVERNOR OF FLORIDA,

    Defendant.

_____/

**SUPPLEMENTAL DECLARATION OF RANDALL C. MARSHALL
PURSUANT TO 28 U.S.C. § 1746 IN SUPPORT OF MOTION TO QUASH**

I, Randall C. Marshall, state as follows:

    1.    I am over the age of 18 and fully competent to testify regarding the contents of this Declaration, which I make based upon my personal knowledge.

    2.    I previously submitted a declaration in support of the ACLU-FL's Motion to Quash. *See* DE 21 at 18.

    3.    While Governor Scott, in his response (DE 28) has purported to narrow his subpoena requests, they remain burdensome and irrelevant.

    4.    I have consulted with our IT services provider in order to get an estimate of the cost to search our Miami office's server to identify documents that may be responsive to the Governor's documents subpoena. Such a search is not part of our contracted services and would be billed to the ACLU-FL separately. Our services provider estimates that the necessary search would take approximately 32 hours (conducted after business hours) at an hourly cost of $65.00

to $112.50 depending upon the personnel assigned. Thus the estimated cost to look for the subpoenaed information in our Miami office would be from $2,080 to $3,600.

5. Although I would expect most of the responsive documents to be located on our Miami office server, in order to be thorough, we would have to conduct similar searches of the servers in each of our Jacksonville, Tampa and Pensacola offices.

6. These computer searches would not include searches of each individual computer to determine whether there were any responsive documents located on individual hard drives. The ACLU-FL has approximately 34 individual computers throughout the state.

7. Compliance with the Governor's revised demands would still necessitate a hands-on search through files that are in storage. As set forth in my previous declaration (DE 21 at 24 – 25, ¶¶ 27 – 29), undertaking such a review would be expensive (at least $3000) and result in a severe and material disruption of our work.

I declare under penalty of perjury that the foregoing is true and correct. Executed in Miami-Dade County, Florida, this 26th day of October, 2011.

/s Randall C. Marshall

Randall C. Marshall