UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-21976-Civ-Ungaro/Torres

AMERICAN FEDERATION OF STATE,
COUNTY AND MUNICIPAL EMPLOYEES
(AFSCME) COUNCIL 79,

        Plaintiff,

vs.

RICK SCOTT, in his official capacity as
Governor of the State of Florida,

        Defendant.
_____/

**ORDER ON MOTION TO QUASH SUBPOENAS**

This matter is before the Court on the Motion to Quash Subpoenas filed by the American Civil Liberties Union of Florida ("ACLU") [D.E. 21] that was referred for disposition. The Court stayed compliance with the subpoenas pending a ruling on the motion [D.E. 24]. The motion is now fully ripe for disposition. For the reasons that follow, the motion will be Granted in part and Denied in Part.

    1.    The pending motion relates to subpoenas for documents, and a related deposition notice, served on the ACLU by the Defendant in connection with this action challenging the constitutionality of mandatory drug testing of state employees. The subpoena served on the ACLU seeks broad categories of documents evidencing the prevalence of employer drug testing, including studies, surveys, policy papers, and other material that the ACLU accumulated or disseminated. The ACLU objected on relevance and overbreadth grounds, as well as the attorney-client and work product

privileges (stemming from the ACLU's role as organizational counsel for the Plaintiff) and a First Amendment privilege.

2. Fed. R. Civ. P. 45 does not identify irrelevance or overbreadth as reasons for quashing a subpoena. Federal courts, however, have treated the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26. *See, e.g., Chamberlain v. Farmington Sav. Bank,* 2007 WL 2786421, at *1 (D. Conn. Sept. 5, 2007) ("It is well settled that the scope of discovery under a Rule 45 subpoena is the same as that permitted under Rule 26."); *Stewart v. Mitchell Transport,* 2002 WL 1558210, *at 3 (D. Kan. July 8, 2002) (same); *see also* Advisory Committee Note to the 1970 Amendment of Rule 45(d)(1) (the 1970 amendments "make it clear that the scope of discovery through a subpoena is the same as that applicable to Rule 34 and other discovery rules."); 9A C. Wright and A. Miller, *Federal Practice and Procedure,* § 2459 (2d ed. 1995) (Rule 45 subpoena incorporates the provisions of Rules 26(b) and 34).

3. The Court, therefore, must determine whether the subpoenas duces tecum at issue seek irrelevant information and/or are overly broad under the same standards set forth in Rule 26(b) and as applied to Rule 34 requests for production. *See, e.g., Wagner v. Viacost.com,* 2007 WL 1879914 (S.D. Fla. June 29, 2007) (applying relevance standard of Rule 26(b) to subpoena duces tecum seeking employment records from the plaintiff's current employer in deciding such records were not relevant).

4. Rule 26(b)(1) provides in pertinent part that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any parties claim or defense. . . . For good cause, the court may order discovery of any matter relevant to

the subject matter involved in the action." Further, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). In applying these principles, "the party resisting the discovery has the burden to establish facts justifying its objections by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed.R.Civ.P. 26(b)(1) or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Wagner,* 2007 WL 1879914, at *1 (citing *Scott v. Leavenworth Unified Sch. Dist. No. 453,* 190 F.R.D. 583, 585 (D. Kan. 1999)); *see also Milinazzo v. State Farm Ins. Co.,* 247 F.R.D. 691, 695 (S.D. Fla. 2007) (same). "However, when relevancy is not apparent, the burden is on the party seeking discovery to show the relevancy of the discovery request." *Dean v. Anderson,* 2002 WL 1377729, at *2 (D. Kan. June 6, 2002).

5.  The parties have thoroughly briefed the various issues raised in the motion and response. Having reviewed those arguments and the supporting materials filed by both sides, the Court finds that the motion should be Denied in part with respect to documents that the ACLU, as a non-profit advocacy organization, has itself promoted and already publicly disseminated. The subpoena's scope clearly includes the documents that are publicly available on its website and responsive to the Governor's request. Those documents were created not in direct response to this litigation but with respect to the issue of employee drug testing generally. They are documents that the organization as a whole has placed in the public domain, either

directly or indirectly through references to those documents on its public website. As the ACLU's reply impliedly concedes, a case can be made that these documents have lost whatever privileged or litigation-related nature they had by their public dissemination. Thus, given the Defendant's claim that they may provide admissible evidence to use in defense of this case, there is little basis for the Court to rely upon to deny the Defendant this material. The motion to quash is denied in part.

6. With respect to the need for a deposition for authenticity purposes in connection with these documents, the Court finds it unnecessary to do so given the scope of this Order and Fed. R. Evid. 902(11) that allows for the authentication of records by sworn declaration of a records custodian of documents maintained in the course of a regularly conducted activity. The gathering of and dissemination of these documents is a part of the regular activity of this organization; therefore, a declaration shall be sufficient for authenticity purposes. Questions over other admissibility issues may obviously arise at trial but a deposition of the records custodian for these documents will not be necessary or relevant to those broader relevance or hearsay issues.

7. Now we turn to the more complicated part of the motion, with respect to the production of documents or deposition testimony that extends beyond this disclosure of publicly available documents. The ACLU objects to the production or deposition as to the ACLU's "knowledge and position" on employer drug testing and public approval of employer drug testing, as well as the prevalence of drug use and harmful effects of drug use in the workplace. Specifically, one subpoena seeks the deposition of a representative of the ACLU on: (1) its knowledge and position on the

prevalence of drug testing by either private or public employers in Florida and nationwide; (2) ACLU of Florida's knowledge and position on the prevalence of drug use in Florida and nationwide; (3) ACLU of Florida's knowledge and position on public approval or disapproval of drug testing by employers in Florida and nationwide; (4) ACLU of Florida's knowledge and position on the effects of drug use in the workplace; (5) the authenticity of documents related to drug testing in the possession, custody, or control of the ACLU.

8.  The second subpoena seeks documents on the following categories: (1) all documents pertaining to drug testing by private-sector employers in Florida or nationally, including, but not limited to, all studies, statistics, policy briefs, policy proposals, polls, polling data, legislative briefs, legislative proposals, position papers, white papers, emails, press releases, electronic documents, letters, and correspondence; (2) all documents pertaining to drug testing by public employers in Florida or nationally, including, but not limited to, all studies, statistics, policy briefs, policy proposals, polls, polling data, legislative briefs, legislative proposals, position papers, white papers, emails, press releases, electronic documents, letters, and correspondence; (3) all documents pertaining to public approval or disapproval of drug testing by public or private employers, including, but not limited to, all public opinion polls; (4) all documents pertaining to studies, tabulations, or counts of the number, amount, and/or percentage of public or private employers that drug test their employees, regardless of whether such drug testing occurs prior to or during employment.

9.  As to the relevance of these documents and topics, we have serious doubts as to their relevance for purposes of this case. We agree with the ACLU that the

ACLU's "knowledge and position" on employer drug testing, the prevalence of drug use, public opinion polls, and the effects of workplace drug use, have almost nothing to do with the claims or defenses in this case. Whatever the ACLU knows or believes about the frequency or propriety of employer drug testing or drug use simply has no relevance to the constitutional claim at issue – whether drug testing of these state employees in executive agencies is permissible under the Fourth Amendment. Neither does the ACLU's knowledge or belief have any bearing on the Defendant's affirmative defenses.

10. Moreover, given that the Defendant has been able to obtain similar documents or information from other sources, as evidenced by the materials submitted in support of his motion for summary judgment, the real purpose behind these subpoenas appears to be to highlight the ACLU's hypocritical position in the case given their state of knowledge of the prevalence of drug use, for instance. In other words, the discovery appears to be relevant to attack the ACLU's credibility to undermine the position taken here. The problem, however, is that the ACLU is not a fact witness in the case. Nor has the organization been designated as an expert witness who would testify to these matters as an expert advocacy organization. Consequently, credibility or impeachment purposes do not justify the broad scope of these subpoenas that will produce little tangible evidence for use in this case.

11. The availability of similar documents and information is itself a separate basis to quash these subpoenas under Rule 26. The Defendant has no need to subpoena these documents and information from the ACLU as he and his counsel are perfectly capable of performing their own research into how widely employers in the

public and private sector drug test their employees and what public opinion suggests about public approval or disapproval of this testing. To the extent any of this data is relevant to this case, Defendant has not shown why the ACLU is the most appropriate depository of this information (at the very least beyond production of publicly available documents or research that the organization provides to anyone accessing their web site).

12.   Further, the document requests, which have no time limitation, are exceedingly broad and burdensome on their face. The document subpoena asks for "studies, statistics, policy briefs, policy proposals, polls, polling data, legislative briefs, legislative proposals, position papers, white papers, emails, press releases, electronic documents, letters, and correspondence." The universe of information covered by these requests appears to be boundless and untethered to the claims or defenses actually at issue in the case, contrary to Rule 26.

13.   Finally, the most troubling aspect of these subpoenas is their impact on the ACLU's role as counsel in the case on behalf of the Plaintiff. Obviously, such requests are generally disfavored. "Discovery was hardly intended to enable a learned profession to perfonn its functions . . . on wits borrowed from the adversary." *Hickman v. Taylor,* 329 U.S. 495, 516 (1947) (Jackson, J., concurring). Both the attorney-client privilege and the work-product doctrine are implicated when an attorney deposes his or her adversary. If clients fear that their counsel may be deposed and forced to answer questions about the case, a chilling effect on clients' candor with counsel may result. Similarly, knowing that they eventually may be deposed about their knowledge

of documents and other facts connected with a case may lead attorneys to shield themselves from relevant facts, thereby resulting in less effective representation. *See West Peninsular Title Co. v. Palm Beach County,* 132 F.R.D. 301, 303-05 (S.D. Fla. 1990).

14.     Therefore, opposing counsel may be deposed only upon a showing of substantial need and only after alternative discovery avenues have been exhausted or proven impracticable. *See, e.g., In re County of Orange,* 208 B.R. 117, 119 (S.D.N.Y. 1997); *Steinig v. McDonald's Corp.,* 1998 WL 1064841 (S.D. Fla. Jan. 12, 1998) (standard for allowing deposition of counsel is whether it is only practical means available of obtaining relevant information). To depose opposing counsel, a party must show that (1) no means, other than deposing counsel, exist to obtain the information; (2) the information sought is relevant: and (3) the information is crucial to preparation of the case. *Shelton v. American Motors Corp.,* 805 F.2d 1323, 1327 (8th Cir. 1986). Discovery or depositions from an opponent's counsel is improper where these three criteria are not met. *Boughton v. Cotter Corp.,* 65 F.3d 823, 830 (10th Cir. 1995).

15.     Defendant here has not shown that the information sought is truly relevant, that no other means exist to obtain the information, and that it is crucial to his defense of this case. To the contrary, the record evidence submitted in support for or opposition to the pending motion shows to the contrary.

16.     In fairness, it appears that the Defendant's response narrowed the scope of these subpoenas for such purposes. But even as narrowed the motion should nevertheless be granted as such testimony from a legal advocacy organization that is

specifically acting as counsel of record for a party in the case raises unnecessary burden and privilege issues that far outweigh any relevance of the information sought. And with the Defendant having failed to make a more compelling showing, the Court will grant the pending motion with respect to those documents and issues that are not otherwise compelled herein.[1]

**DONE AND ORDERED** in Chambers at Miami, Florida, this 5th day of December, 2011.

>        /s/ *Edwin G. Torres*
> EDWIN G. TORRES
> United States Magistrate Judge

---

[1] The costs of producing the documents required by this Order must be borne by the Defendant, as the ACLU is not a party in the case and Rule 45 clearly allows for the recovery of reasonable costs by the non-party served with a subpoena. *See, e.g., Behrend v. Comcast Corp.,* 248 F.R.D. 84, 86 (D. Mass. 2008). The Court will not, however, assess the recovery of any attorneys' fees incurred in assembling the documents.